No. 15,208.

GROFF *v.* ZIMMERMAN.
(131 P. [2d] 822)

Decided November 2, 1942. Rehearing denied December 7, 1942.

Mr. JOHN W. ELWELL, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. JAMES S. HENDERSON, Assistant, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties occupy the same relative position as below, and are hereinafter referred to as there.

Plaintiff was committed to the Colorado State Hospital at Pueblo of which defendant is superintendent. He was confined there as a drug addict under commitment of date June 1, 1942, by Municipal Judge Gobin, by authority, as was said, of section 27, chapter 58, '35 C.S.A. He sought release through habeas corpus, the petition being addressed to Judge Phelps. The writ was returnable June 30, and an amended petition was filed ten days later. Defendant answered and on the hearing July 23 following, the petition was denied and the writ dissolved. To review that judgment error is herein prosecuted and a supersedeas sought. We elect to finally dispose of the cause on this application.

■ ██ But one question raised requires consideration, i.e., the applicability of the statute under which plaintiff was committed and is held.

Said section 27 provides for a complaint before a "municipal" court (or other tribunal therein mentioned) that the person named is "addicted to the use of the drugs *mentioned in this article*," whereupon he may, after reasonable notice and a fair hearing, be committed as was plaintiff. Furthermore, when no longer so addicted he may in like manner be discharged or when so committed may appeal "to any court having jurisdiction for a review of the sufficiency of the evidence upon which the commitment was made." The record before us is defective. We know nothing of the order of commitment or of what drugs it is charged plaintiff was a user, nor is the evidence upon which the magistrate committed him before us. It is alleged, and not denied, that he had no notice of the charge or hearing. It is perhaps fair, however, to assume that these proceedings were reasonably regular, and we consider the sole question of the applicability of the statute.

Chapter 58, '35 C.S.A., is the first chapter found in volume 3 and is entitled "Drugs and Druggists." It is

divided into four "Articles." The first of these is entitled "State Board of Pharmacy" and contains twenty-two sections. The second is entitled "Habit Forming Drugs" and closes with section 54. The third is entitled "Emergency Drugs, Medicines and Poisons" and concludes with section 60. The fourth is entitled "Dangerous Acids and Substances" and concludes with section 70. The said section 27 was a part of chapter 75, S.L. 1915, the remainder of which was repealed by section 24, chapter 107, S.L. 1935. Section 1 of the act of 1915 referred to "opium or coca leaves, or any compound, manufacture, salt, derivative, or preparation thereof." Such were the drugs referred to as "drugs mentioned in this act" when said section 27 was a part of the act of 1915. Section 23 of article 2, supra, of which said section 27 is now a part, mentions "anhalonium, or peyote," and these are the only drugs mentioned in this *article*. The evidence taken before Judge Phelps on the return of the writ herein is in the record before us and therefrom we learn that the drug to which it was charged, and not denied, plaintiff was an addict was morphine.

The foregoing presents a situation requiring no further analysis and no citation of authority. It discloses an evident hiatus in the statute. Doubtless "drugs mentioned in this article" was assumed by the legislature to apply to all the drugs mentioned in the acts of 1915 and 1935, but it is clear that they now apply only to peyote, the drug mentioned in said section 23, which was originally a portion of chapter 2, page 6, S.L. 1917.

From the foregoing it is evident that the statute relied upon contains no authority for the incarceration of this plaintiff as a morphine addict.

The judgment is accordingly reversed and the cause remanded with directions to discharge him from custody.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE BAKKE and MR. JUSTICE KNOUS concur.